## Case No. 3,724.

### DECKER v. GRIFFITH.

[10 Blatchf. 343, note.] [1]

Circuit Court, S. D. New York. June, 1873

INFRINGEMENT OF PATENTS—BILLIARD CUSHIONS.

[1. The fact that defendant may have made patentable improvements in certain special features gives him no right to use the substance of plaintiff's invention.]

[2. The Decker reissue patent No. 3,323, for an improvement in cushions for billiard tables, *held* infringed.]

[This was a bill by Levi Decker against William H. Griffith for infringement of reissued patent No. 3,323, granted to complainant March 9, 1869, upon original patent No. 60,657, of December 18, 1866. The patent was for an improvement in cushions for billiard tables. The claim is as follows: "The catgut or other cord, E, partially or fully imbedded, or otherwise attached, at the angle, a, of the rubber cushion, C, so as to protect said cushion against the impact of the ball, substantially as herein shown and described, and for the purposes set forth."

[For a full description of the invention, together with drawings, see Decker v. Grote, Case No. 3,726.]

WOODRUFF, Circuit Judge. The billiard cushion manufactured by the defendant may, very possibly, be an improvement upon that of the plaintiff, in respect to the use of a device for giving tension to the wire run through the edge of the elastic cushion, and, if so, may be patentable, so as to give the defendant the exclusive right to his special device. Possibly, also, he may have devised a new mode of introducing the wire, by a perforation near the edge of the rubber. Neither of these concessions will justify the

---

[1] [Reprinted by permission.]

defendant in using the substance of the plaintiff's invention for stiffening and regulating the elastic edge of the cushion, by a cord attached thereto, or inserted therein, or in employing an equivalent, either in respect of material used, or in respect of the manner of securing the cord, so that it may perform its office. The proof is without contradiction, that the infringing device operates in the same way, and by substantially the same means, to produce the same result. In regard to the validity of the reissue, I concur with Judge Blatchfield, in the case of Decker v. Grote [Case No. 3,726].